# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Sue B. Daniels and Lamar Daniels, ) | |
| ) | Civil Action No. 5:16-cv-00936-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Food Lion, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court pursuant to Plaintiffs' Motion to Amend [ECF No. 8] their previously Amended Complaint [ECF No. 1-2], and Plaintiffs' Motion to Remand [ECF No. 9].

On January 26, 2016, Plaintiffs, citizens and residents of South Carolina, commenced this action in Orangeburg County, South Carolina, by filing a summons and complaint in the Circuit Court of the State of South Carolina, naming as Defendants Food Lion, Inc. and Delhaize America, LLC. [ECF No. 1-1.] Plaintiffs subsequently filed an Amended Complaint on February 16, 2016, changing the named Defendant to Food Lion, LLC ("Food Lion"). [ECF No. 1-2.] In response to the Amended Complaint [ECF No. 1-2], Food Lion filed a Notice of Removal based on 28 U.S.C. §§ 1332(a) and 1441(a), asserting proper venue within the United States District Court for the District of South Carolina, Orangeburg Division. [ECF No. 1.] On March 3, 2016, Food Lion answered Plaintiffs' Amended Complaint in the United States District Court. [ECF No. 3.] On April 20, 2016, Plaintiffs filed a proposed Second Amended Complaint that names Food Lion Store Manager Roger Elmore ("Elmore") as a proposed Defendant and alleges that Elmore is a citizen and resident of South Carolina. [ECF Nos. 8, 9.] On April 27, 2016, Plaintiffs filed a Motion to Remand and a supporting memorandum on the basis that adding Elmore as a

1

defendant would defeat the diversity of citizenship requirement set forth in 28 U.S.C. § 1441(a). [ECF No. 9.]

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff typically may amend his pleadings absent bad faith, undue prejudice to the opposing party, or futility of the amendment. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Rule 15(a) states that amendments should be "freely given," a request to amend is still subject to judicial review. Fed. R. Civ. P. 15(a). Moreover, federal law provides courts with additional discretion when the proposed amendment would destroy subject matter jurisdiction. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and the action to State court."). In deciding whether to grant or deny joinder of nondiverse defendants, the court is to consider all relevant factors, including: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in requesting such an amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities of the situation. *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999).

When a plaintiff attempts to add a nondiverse defendant "immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Id.* (citing *Aids Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990)). Plaintiffs' proposed amendment in this case is sought almost immediately after removal but before any additional discovery has taken place. Although Plaintiffs assert in their Reply [ECF No. 15] that a lack of knowledge of Elmore's identity was the reason for their previously failing

2

to name Elmore as a defendant, the totality of the circumstances indicate that the amendment is sought for the specific purpose of avoiding federal jurisdiction.

Plaintiffs claim that they have not been dilatory in seeking this amendment, because they filed the Motion to Amend [ECF No. 8] within four (4) weeks of receiving the Notice of Removal [ECF No. 1.] However, at the time of Plaintiffs' Motion to Amend [ECF No. 8], Plaintiffs' suit had been pending for several months and had been previously amended for the specific purpose of clarifying the defendant(s) that Plaintiffs assert are liable for their alleged injuries, but Plaintiffs only now attempt to include Elmore as a defendant. Plaintiffs' Motion to Amend [ECF No. 8] offers no explanation for the prior failure to include Elmore as a defendant in this lawsuit. These facts favor a finding that Plaintiffs have been dilatory in seeking this amendment.

Plaintiffs claim that they would suffer significant injury if their motion is denied, because they would have to file a separate lawsuit in State Court against Elmore. However, Plaintiffs' proposed amendment is a futile one, and there is no need for Plaintiffs to assert an action against Elmore individually, because Food Lion, LLC would be subject to vicarious liability for Elmore's actions if such liability can be established. As such, Plaintiffs will not be significantly injured if their Motion to Amend [ECF No. 8] is denied.

The equities of the situation do not warrant a granting of Plaintiffs' Motion to Amend [ECF No. 8.] Plaintiffs have provided no explanation as to why Elmore is a necessary party to this case and why, if he is in fact a necessary party, he was not previously named as a defendant. Plaintiffs also do not assert any other equitable justifications for granting their Motion [ECF No. 8.]

Because Plaintiffs' Motion to Remand [ECF No. 9] is premised upon a destruction of

diversity due to the addition of Elmore as a defendant, Plaintiffs' Motion to Remand [ECF No. 9] must be denied if Plaintiffs' Motion to Amend [ECF No. 8] is not granted. After considering all relevant factors, the court finds that the facts weigh in favor of denying Plaintiffs' proposed amendment. Therefore, the court **DENIES** Plaintiffs' Motion to Amend [ECF No. 8] and Plaintiffs' Motion to Remand [ECF No. 9].

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 24, 2016
Columbia, South Carolina